IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:00-591-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Timmy Temple Pittman, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On October 1, 2004, the defendant filed a motion to re-sentence. The defendant claims that he is actually innocent of an offense the Court used to enhance his sentence. On May 24, 2006, the Court advised the defendant of its intention to characterize the motion as a motion under 28 U.S.C. § 2255. See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002)(requiring notice to defendant before a district court, *sua sponte*, converts motion to amend criminal judgment into a motion under § 2255).

The Court also advised the defendant that the record indicates an action under section 2255 would be barred by the one year limitations period and that the defendant should respond with grounds supporting a claim that the action has been filed within the limitations period. See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); see also United States v. Sosa, 364 F.3d 507, 510 n. 4 (4th Cir. 2004)(applying the holding in Hill v. Braxton to § 2255 motions). The Court further advised the defendant that if he did not respond within 60 days, the Court would characterize the motion as an action under section 2255 and dismiss the action as untimely.

As of this date, the defendant has not responded. Accordingly, the Court characterizes the defendant's motion to re-sentence as a motion pursuant to section 2255. The Court also

dismisses the 2255 action as untimely.

On July 23, 2000, the defendant shot and killed Joseph Taylor ("Taylor"). The defendant was charged in state court for first degree murder. The defendant was also charged in federal court for being a felon in possession of a firearm and for having three previous convictions for violent felonies. On December 12, 2000, the defendant pled guilty to the federal charges. In the plea agreement, the defendant agreed to a sentence of 275 months imprisonment. On April 23, 2002, this Court sentenced the defendant to 275 months imprisonment followed by 5 years of supervised release. The defendant appealed. The Fourth Circuit Court of Appeals dismissed the appeal on August 16, 2002.

The defendant filed this motion on October 1, 2004, nearly two years after judgment became final. In the motion, the defendant contends that this Court enhanced his sentence based on the state court charge for first degree murder. The defendant alleges that, after federal sentencing, he pled guilty to a reduced state court charge of voluntary manslaughter and that this Court must reduce his federal sentence.

The one year limitations period to bring an action under section 2255 begins to run at the latest date, *inter alia*, on which "the judgment of conviction became final" or "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. The Court construes the defendant's allegation in the motion as a claim to begin the one year limitations period on the date the defendant pled guilty to voluntary manslaughter.

The Presentence Report enhanced the defendant's base offense level because the defendant possessed or used a firearm in connection with the commencement of another offense

that resulted in death. U.S.S.G. §§ 2K2.1(c)(B). Section 2K2.1(c)(B) requires a court to assign the base offense level for the most analogous offense for homicide. The Presentence Report recommended assigning the base offense level for first degree murder, which would have resulted in a life sentence. U.S.S.G. § 2A1.1 (2003). At sentencing, the Court held that the evidence did not support a finding of premeditation. Consequently, pursuant to application Note 1 section 2A1, the Court did not apply the full force of the enhancement and departed downward to a sentence of 275 months of confinement.[1] U.S.S.G. § 2A1.1, Application Note 1 (2003).

The defendant's state court charge for first degree murder was pending when the Court sentenced the defendant. The state court charge had no bearing on the Court's decision to apply the cross reference enhancement for homicide. Rather, the Court relied on the facts surrounding the murder of Taylor to determine whether to enhance the defendant's base offense level. Therefore, the defendant's subsequent guilty plea to voluntary manslaughter in state court does not affect the defendant's federal sentence.[2]

The defendant's subsequent state court guilty plea to voluntary manslaughter does not provide a fact that would have affected the defendant's sentence. Moreover, the defendant does not allege that the state court guilty plea was based on facts unavailable to him during federal sentencing. Consequently, the defendant fails to demonstrate that he has discovered facts

---

[1] The second paragraph to Application Note 1 provides that a court should depart downward from life imprisonment if a court finds that the defendant did not cause death intentionally or knowingly. The Court applied this Application Note and sentenced the defendant to the 275 month sentence he agreed to in the plea agreement.

[2] Because the state court charge for first degree murder was pending when the Court sentenced the defendant, the murder charge also had no bearing on whether the defendant was a career offender. The defendant did not receive criminal history points for the first degree murder charge.

supporting his claim that he could not have discovered using due diligence when this Court sentenced him. 28 U.S.C. § 2255.

As a result, the limitations period did not begin to run when the defendant pled guilty to voluntary manslaughter. Rather, the one year limitations period began to run when judgment became final on August 16, 2002. Because the defendant filed the motion two years after his judgment became final, the Court dismisses the motion, characterized as a motion under section 2255, as untimely.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

April 23, 2007
Charleston, South Carolina